IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

MAY 0 2 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **JOHN E. HALL,** Plaintiff, | & & & | |
| V. | & | CIVIL ACTION NO. _____ |
| **KEITH P. ELLISON,** individually and in his official capacity as United States District Judge for the Southern District of Texas, Defendant. | | |

**City of Houston and**
**Unknown Houston Police Internal Affairs Investigators,**
Defendant.

---

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND JURY DEMAND

*(Bivens Action; 42 U.S.C. §§ 1983, 1985(2), (3); First and Fourteenth Amendments)*
5th Amendment

---

## INTRODUCTION

This is a civil rights and constitutional tort action seeking declaratory, injunctive, and monetary relief exceeding **$1,000,000** for the **unlawful, non-judicial, and retaliatory acts** of United States District Judge **Keith P. Ellison,** who fabricated a court order falsely attributing a **nonexistent FOIA motion** to Plaintiff. Fabricating language attributed to plaintiff that he never made to defendants regarding a FOIA motion.

Judge Ellison's actions, done in concert with municipal officials, were executed under color of law but beyond the scope of judicial immunity. These acts denied Plaintiff access to courts, obstructed pending litigation, and inflicted reputational and emotional injury. The misconduct represents a knowing violation of established constitutional rights and judicial canons.

---

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343**, and the doctrine of **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971).

2. Venue is proper under **28 U.S.C. § 1391(b)(2)** because the Defendant, while acting under federal authority, materially interfered with judicial proceedings involving federal rights, and such interference has national legal significance.

## PARTIES

3. **Plaintiff**, John E. Hall, is a resident of Texas and a former law enforcement officer. He brings this suit **pro se** due to severe prejudice suffered as a result of Defendant's unlawful actions.

4. **Defendant**, Keith P. Ellison, is a United States District Judge for the Southern District of Texas. He is sued **in both his individual and official capacities** for acts outside the scope of judicial immunity.

## FACTUAL BACKGROUND

5. On or about **April 17, 2025**, Judge Ellison authored a judicial order that falsely stated Plaintiff had filed a **FOIA motion** compelling all defendants to produce records related to **wiretap and pen register authorizations**.

6. No such FOIA motion exists. **Plaintiff never filed** such a pleading, and the official docket contains no entry or submission reflecting the referenced motion.

7. Judge Ellison's **fabricated attribution** was used as the primary basis to deny Plaintiff's **Rule 60(b)(2) and (3)** motion, which sought redress for fraud involving the submission of **fabricated internal affairs records**.

8. Plaintiff timely objected, and submitted sworn affidavits contesting the order. Nonetheless, Defendant **refused to correct the false attribution**, denied Plaintiff an **evidentiary hearing,** and permitted the **dismissal of meritorious claims** based on a falsified premise.

9. Defendant's actions violated the **Party Presentation Rule** as articulated in *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020), which prohibits courts from creating or

2

injecting claims or defenses not raised by the parties.

10. Plaintiff asserts Defendant acted in **concert with City of Houston Internal Affairs** investigators to suppress exculpatory evidence and protect municipal liability, thereby abusing judicial power to further a retaliatory agenda.
11. Judge Ellison omitted civil rights claims and fabricated evidence claims in his Feb. 20, 2025 dismiss order to conceal his inherent authority to hold evidentiary hearings on plaintiff civil rights claims. Omitting civil rights claims in a court order is tantamount to committing fraud which is a non-judicial act. On April 17, 2025, Judge Ellison committed another non-judicial act when he lied on plaintiff and failed to retract the false statements when plaintiff formally objected in the record. Judge Ellison's non-judicial acts of fabricating court orders was part of a police and judicial coverage up that resulted in the dismissal of plaintiff's case in order to cover up fabricated evidence placed in an internal affairs criminal investigation since 1994 despite plaintiff having special access to his internal affairs file. Judge Ellison's non-judicial acts resulted in plaintiff's claims not being fairly adjudicated and being denied  access to the Court driven by racial animus.

12. Plaintiff suffered significant injury, including:

- Denial of internal affairs records;

- Reputational and professional harm;

- Interference with employment and legal claims;

- Severe emotional distress.

## RULES AND CANONS VIOLATED

- **FRCP 7(b)(1):** Fabricated motion was not presented with specificity by Plaintiff.

- **FRCP 11(a):** Document lacked Plaintiff's signature or certification.

- **FRCP 5(d)(1)(A):** Fabricated motion was never served.

- **Judicial Canon 3(A)(4):** Defendant engaged in improper ex parte conduct and introduced false material into the record.

3

## CLAIMS FOR RELIEF

### COUNT I – Non Judicial Act  (First and Fourteenth Amendments)

12. Defendant's conduct—fabricating a non-existent court record and fabricating a party's pleadings in the April 17, 2025 was not part of the Judge's adjudicated functions. The Judges actions denied plaintiff of an evidentiary hearing, and obstructed access to judicial remedies—deprived Plaintiff of **due process**, **equal protection**, and **access to courts**, all of which are protected by the Constitution.

13. Plaintiff claims that fraud committed by a Judge is a non-judicial act. Relief is sought pursuant to **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971);

### COUNT II – *42 U.S.C. § 1983* (Joint Action with State Officials)

14. Defendant conspired with local government actors to obstruct Plaintiff's constitutional rights.

15. Under **Dennis v. Sparks**, 449 U.S. 24 (1980), a judge is **not immune** for acts undertaken in **conspiracy with state officials**.

### COUNT III – *42 U.S.C. § 1985(2) and (3)*

16. Defendant participated in a **conspiracy to intimidate, defame, and obstruct** Plaintiff in prosecuting valid federal claims.

17. These acts directly interfered with Plaintiff's access to federal court and constitute a violation of **42 U.S.C. § 1985**.

### COUNT IV – *Intentional Infliction of Emotional Distress*

18. Defendant's conduct was **outrageous**, **malicious**, and designed to cause harm.

19. The deliberate falsification of judicial orders and obstruction of access to legal recourse meets the standard for **IIED** under federal common law.

4

**COUNT V – *Denial of Equal Protection Under the Law* (Fourteenth Amendment; 42 U.S.C. § 1983)**

20. Plaintiff incorporates all prior allegations.

21. Defendant targeted Plaintiff with a fabricated motion not applied to other litigants similarly situated.

22. The disparate treatment was **not rationally related** to a legitimate governmental purpose and was carried out with **retaliatory intent** and **animus**.

23. Relief is warranted under **Village of Willowbrook v. Olech**, 528 U.S. 562 (2000), and **42 U.S.C. § 1983** for unequal treatment.

## DAMAGES REQUESTED

Plaintiff seeks:

- **Compensatory damages** in excess of **$1,000,000** for constitutional injuries, lost opportunity, and emotional harm; Carey v. Piphus, 435 U.S. 247 (1978); Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

- **Punitive damages** for intentional and malicious misconduct; Smith v. Wade, 461 U.S. 30 (1983).

- **Declaratory relief** affirming that Defendant violated Plaintiff's constitutional rights; Create a record of the constitutional violation. Steffel v. Thompson, 415 U.S. 452 (1974)
- 
- Non-economic harm- emotional distress, mental anguish, and reputational damage under a constitutional tort for a non-judicial act. Carey v. Piphus, 435 U. S. 247 (1978)

- **Injunctive relief**, including:

    o  Correction of the federal docket;

    o  Mandated access to suppressed internal affairs records;

- **Costs and attorneys' fees** pursuant to **42 U.S.C. § 1988**.

## JURY DEMAND

Pursuant to **Federal Rule of Civil Procedure 38**, Plaintiff demands a trial by jury on all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendant violated Plaintiff's constitutional rights;

b. Award compensatory damages exceeding **$1,000,000**;

c..Non-economic damages for emotional distress, mental anguish, reputational harm, and ....intentional infliction of emotional distress

c. Award punitive damages as warranted;

d. Grant injunctive and declaratory relief;

e. Award reasonable attorneys' fees and costs under **42 U.S.C. § 1988**;

f. Award any further relief deemed just and proper.

Respectfully submitted,

/s/ Dr. John E. Hall aka Dr. John "Jay" Hall

17818 Running Brook Ln

Spring, Texas 77379

Email: Jayearl2007@yahoo.com

6

## 1. Certificate of Service — U.S. Attorney for the Southern District of Texas

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of _____, 2025, a true and correct copy of the Complaint, Civil Cover Sheet, Summons, and all accompanying documents in the matter of *John E. Hall v. Keith P. Ellison*, Civil Action No. _____, was served by certified U.S. Mail, return receipt requested, upon:

**U.S. Attorney for the Southern District of Texas**
Attn: Civil Process Clerk
Honorable Nicholas J. Ganjei, U.S. Attorney's Office Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Tx. 77002

Executed on this ___ day of _____, 2025.
Respectfully submitted,

/s/ Dr. John E. Hall aka Dr. John "Jay" Hall
Plaintiff, Pro Se
17818 Running Brook Ln
Spring, Tx. 77379
Email: Jayearl2007@yahoo.com

## 2. Certificate of Service — U.S. Attorney General Honorable Pam Bondi

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of _____, 2025, a true and correct copy of the Complaint, Civil Cover Sheet, Summons, and all accompanying documents in the matter of *John E. Hall v. Keith P. Ellison*, Civil Action No. _____, was served by certified U.S. Mail, return receipt requested, upon:

**The Honorable Pam Bondi,** U.S. Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Executed on this ___ day of _____, 2025.
Respectfully submitted,

/s/ Dr. John E. Hall aka Dr. John "Jay" Hall
Plaintiff, Pro Se
17818 Running Brook Ln
Spring, Tx. 77379
Email: Jayearl2007@yahoo.com

## 3. Certificate of Service — Judge Keith P. Ellison (Individually and Officially)

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of _____, 2025, a true and correct copy of the Complaint, Civil Cover Sheet, Summons, and all accompanying documents in the matter of *John E. Hall v. Keith P. Ellison*, Civil Action No. _____, was served by certified U.S. Mail, return receipt requested, upon:

**The Honorable Keith P. Ellison**
U.S. District Judge for the Southern District of Texas
United States District Court
515 Rusk Street, Room 8613
Houston, Texas 77002

Arturo_Rivera@txs.uscourts.gov  Case Manager

Served in both his individual and official capacities.

Executed on this ___ day of _____, 2025.
Respectfully submitted,

/s/ Dr. John E. Hall aka Dr. John "Jay" Hall
Plaintiff, Pro Se
17818 Running Brook Ln
Spring, Tx. 77379
Email: Jayearl2007@yahoo.com

## 4. Certificate of Service — Judge Keith P. Ellison (Individually and Officially)

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of _____, 2025, a true and correct copy of the Complaint, Civil Cover Sheet, Summons, and all accompanying documents in the matter of *John E. Hall v. Keith P. Ellison*, Civil Action No. _____, was served by certified U.S. Mail, return receipt requested, upon:


City of Houston, Houston Police Internal Affairs Investigators

City Secretary

900 Bagby, Room p101

Houston, Texas 77002


*John E. Hall*

**John E. Hall**
17818 Running Brook Ln
Spring, Texas 77379
Email: Jayearl2007@yahoo.com
832-886-9370
April 2, 2025

United States Courts
Southern District of Texas
F I L E D

APR 0 3 2025

Nathan Ochsner, Clerk of Court

Exhibit

**Clerk of the Court**
**Nathan Ochsner**
**Darlene Hansen**
darlene_hansen@txs.uscourts.gov
United States District Court
515 Rusk Street
Houston, TX 77002

**Subject: FOIA Request for Wiretap and Pen Register Authorization on John E. Hall**

Dear Clerk of the Court,

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, I respectfully request any records pertaining to the authorization of a criminal wiretap or pen register on **John E. Hall, D.O.B. 01-28-52**, submitted by the Houston Police Department or any federal agency from 1992 to the present.

Mr. Hall was employed as an officer with the Houston Police Department from 1981 until 2004. On **May 31, 2018**, Mr. Hall received a letter from the Houston Police Department indicating that he was a target of a criminal investigation in which wiretaps and pen registers were utilized by the department's **Internal Affairs Division**. To verify the authenticity and legal basis of this claim, I seek copies of any federal court orders authorizing such surveillance, including:

1. **Any applications, affidavits, or requests submitted to a federal judge for approval of a wiretap or pen register on Mr. Hall.**

2. **Any judicial orders or warrants approving or denying such requests.**

3. **The name of the presiding judge and the specific court that issued any such authorization.**

4. **Any documents reflecting the duration and scope of the wiretaps or pen registers.**

If any portion of this request is denied, please cite the specific legal exemption that justifies withholding the information. If the requested records have been destroyed or are otherwise unavailable, please provide any documentation reflecting the retention schedule for such records.

I am willing to pay any reasonable fees associated with the processing of this request. However, if fees exceed **$50**, please notify me before processing the request. If possible, I request a fee waiver as the disclosure of this information is in the public interest.

Please provide the requested documents in electronic format if available, or in printed form via mail. If you require any additional information to process this request, please contact me at my email: Jayearl2007@yahoo.com

Thank you for your time and assistance. I look forward to your prompt response in accordance with the statutory time limits.

Sincerely,

/s/ **John E. Hall**

17818 Running Brook Ln

Spring, Tx. 77379

United States District Court
Southern District of Texas

**ENTERED**

April 25, 2025

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JOHN E. HALL,** | § | |
| | § | *Exhibit* |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:24-cv-2882** |
| | § | |
| **EXPERIAN INFORMATION** | § | |
| **SOLUTIONS, INC., et al.** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Plaintiff John E. Hall brought this suit against Defendants Experian Information

Solutions, Inc., an Unknown Houston Police Internal Affairs Investigator, Jefferson Capital

Collection Agency, IC Systems, Easy Pay Loans, Newman Book Publishing, Carlos Sauzo,

Judge L. Korduba, the Department of Education, the City of Pearland, Joaquina Spikes, the city

of Houston, National Auto Group, Elissa Mohammed, and Credit Acceptance ("Defendants").

The Court dismissed the case for failure to state a claim. *See* Doc. No. 130. Since then, Plaintiff

has filed a Motion for Relief under FRCP 60(b)(2) and FRCP 60(b)(3) (Doc. No. 151). Plaintiff

has also appealed the decision to the U.S. Court of Appeals for the Fifth Circuit. Doc. No. 136.

The Court denied the Motion for Relief from Judgment (Doc. No. 151). *See* Doc. No. 152.

Plaintiff now brings a Motion for Relief from Judgment (Doc. No. 155) and a Motion to

Supplement Record on Appeal (Doc. No. 156).

Plaintiff's Motion for Relief from Judgment (Doc. No. 155) is **DENIED.** As the Fifth

Circuit has explained, "[a]lthough an effective notice of appeal strips district courts of

jurisdiction to grant a Rule 60(b) motion, it does not prevent litigants from filing them in the

district court while an appeal is pending." *Dominguez v. Gulf Coast Marine & Assocs.*, 607 F.3d

1066, 1073 (5th Cir. 2010). Instead, "[t]he district court retains jurisdiction to consider and *deny*

[Rule 60(b)] motions, and if it indicates that it will grant the motion, the appellant [may] then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." *Winchester v. U.S. Attorney for S. Dist. of Tex.,*, 68 F.3d 947, 949 (5th Cir. 1995) (*quoting Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 699 (5th Cir. 1955)). This Court is not inclined to grant the motion--Plaintiff's grounds for relief do not present convincing evidence of fraud, nor does his "newly uncovered evidence" compel reconsideration. See Doc. No. 151, Exhibit 1. This Court therefore exercises its jurisdiction to **DENY** Plaintiff's Motion for Relief (Doc. No. 155).

Regarding Plaintiff's Motion To Supplement Record on Appeal (Doc. No. 156), Plaintiff appears to be filing this request to the appellate court. *See* Doc. No. 156 ("TO THE HONORABLE CLERK AND JUDGES OF THE FIFTH CIRCUIT"). It seems that this motion was incorrectly filed in the district court, and should be filed to the appellate court instead. This motion is therefore **TERMINATED.**


**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 25th of April 2025.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN E. HALL, | § | Exhibit |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-2882 |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., et al. | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Plaintiff John E. Hall brought this suit against Defendants Experian Information

Solutions, Inc., an Unknown Houston Police Internal Affairs Investigator, Jefferson Capital

Collection Agency, IC Systems, Easy Pay Loans, Newman Book Publishing, Carlos Sauzo,

Judge L. Korduba, the Department of Education, the City of Pearland, Joaquina Spikes, the city

of Houston, National Auto Group, Elissa Mohammed, and Credit Acceptance ("Defendants").

The Court dismissed the case for failure to state a claim. *See* Doc. No. 130. Since then, Plaintiff

has filed a Motion for Relief under FRCP 60(b)(2) and FRCP 60(b)(3) (Doc. No. 151) and a

Motion for a "FOIA Request for Wiretap and Pen Register Authorization on John E.

Hall" (Doc. No. 146). Plaintiff has also appealed the decision to the U.S. Court of Appeals for

the Fifth Circuit. Doc. No. 136.

Because Plaintiff has appealed his case, his Motion for Relief from Judgment (Doc. No.

151) iis **DENIED as MOOT.** *See* Fed. R. Civ. Pro. 60(a) ("[b]ut after an appeal has been

docketed in the appellate court and while it is pending, such a mistake may be corrected only

with the appellate court's leave").

Exhibit

Mr. Hall has also filed a motion pursuant to 5 U.S.C. § 552 to compel Defendants to produce "any records pertaining to the authorization of a criminal wiretap or pen register on John E. Hall" (Doc. No. 146). United States District Courts are vested with exclusive original jurisdiction over FOIA cases by Section (a)(4)(B) of FOIA. 5 U.S.C. § 552(a)(4)(B). That section provides that: "On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

Thus, by its express terms, Section (a)(4)(B) requires one making a FOIA request to file a FOIA "complaint" in order to confer jurisdiction upon the district court. *See United States v. Whitfield*, No. 18-5718, 2019 U.S. App. LEXIS 578, at *6 (6th Cir. Jan. 8, 2019) ("Based on the plain language of § 552(a)(4)(B) and the foregoing persuasive authority, we find that a party must file a complaint in a separate civil action in order to challenge an adverse FOIA determination."). A "motion for FOIA request" in an existing civil matter is not the same as a "complaint" under the Act. *See id.*; *compare* 5 U.S.C. § 552(b), *with* Fed. R. Civ. P. 7 (distinguishing between motions and types of pleadings, such as complaints).

In short, this motion is not the appropriate vehicle to seek compliance with a FOIA request. Mr. Hall's failure to file a complaint in a separate civil action means that the Court lacks subject-matter jurisdiction over the FOIA request at issue. It is hereby ordered that Plaintiff's Motion for FOIA Request (Doc. No. 146) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 16th of April 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

John E. Hall,
Plaintiff,

v.

*Exhibit*

Experian Information Solutions, et al.,
Defendants.
Civil Action No. 4:24-cv-02882
Fifth Circuit Cause No. 25-20068

United States Courts
Southern District of Texas
FILED
APR 2 8 2025
Nathan Ochsner, Clerk of Court

# AFFIDAVIT OF JOHN E. HALL ON THE COURT FABRICATING A FOIA MOTION

I, **John E. Hall**, being duly sworn, declare and state under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My name is John E. Hall. I am the Plaintiff in the above-captioned matter. I am competent to testify to the facts stated herein, all of which are based upon my personal knowledge.

2. On or about **January 17, 2025,** during proceedings before the United States District Court for the Southern District of Texas, I informed the Court that the **City of Houston** had filed fabricated evidence—a purported government record dated **May 31, 2018**—falsely suggesting that I was the subject of a criminal investigation involving the use of wiretaps and pen registers; however, the City of Houston conducted a criminal investigation without a Judge authorizing the wiretaps and pen register. Therefore, the City of Houston refused to provide me with my internal affairs file.

3. During that hearing, I further represented to the Court that:

   a. The **Federal Clerk's Office;**
   b. The **Texas Department of Public Safety;** and
   c. A federal **FBI agent**
   each independently confirmed that no such authorization for surveillance involving me existed, and that the referenced May 31, 2018 document was fraudulent.

4. On **April 3, 2025,** I submitted two separate letters:

1

a. One addressed to the Texas Department of Public Safety, requesting verification of any surveillance authorizations involving me; and
b. One addressed to the Federal Clerk's Office, inquiring whether any such surveillance records existed.

5. Neither letter was framed as, nor intended to be, a motion under **5 U.S.C. § 552 (FOIA)**. Nor were the letters directed toward any of the named Defendants in my underlying civil litigation.

6. At no time did I file a FOIA motion directed at Defendants, nor did I request that the Clerk's Office or the Court treat my correspondence as a motion compelling discovery or production of records from Defendants.

7. Despite this, on **April 17, 2025**, Judge **Keith P. Ellison** issued an official court order materially misrepresenting that I had filed a FOIA motion directed at "all Defendants," seeking production of records concerning wiretaps and pen registers.

8. The referenced docket entry **(Dkt. No. 146)** contains only my administrative letter addressed to the Clerk's Office. It does not meet the requirements of a motion under **Federal Rule of Civil Procedure 7(b)(1),** which mandates that motions must:

   a. Identify the party seeking relief;
   b. State with particularity the grounds for seeking relief; and
   c. State the relief sought.

9. No document filed by me complies with Rule 7(b)(1) regarding a FOIA motion, or Rule 11(a), Rule 5(d)(1).

10. Judge Ellison's statement in the April 17, 2025 Order was materially false and knowingly mischaracterized my correspondence, thereby fabricating a critical jurisdictional fact.

11. By falsely asserting that I filed a FOIA motion against Defendants, Judge Ellison constructed a baseless justification to deny relief, dismiss claims, and obstruct my constitutional right of access to the courts; Judge Ellison engaged in Administrative Fraud.

12. Judge Ellison acted with actual knowledge of the falsity because:

a. The court record lacked any such motion;
b. My letters clearly were administrative inquiries distinct from motions; and
c. No relief against Defendants was sought in those letters.

13. Judge Ellison's false assertions against plaintiff and the fabrication order constitutes:

a. **Fraud on the Court;**

b. **Denial of Procedural and Substantive Due Process;** and

c. **Denial of Access to Courts** in violation of the **First and Fourteenth Amendments;** and

d. Violations of the party presentation rule (Sineneng-Smith v. 590 U.S. 140 S. Ct. 1575, 1579 ....(2020), which prohibits the Judge from injecting their own legal theories, introduces defenses .....and claims not raised by the parties, reframing the parties arguments, and deciding cases on ... grounds not presented by litigants. I.e. **no defendants received a certificate of service** ...issued by plaintiff demanding a production of records for a FOIA request or even one of the ... ... two letters written in the file. Plaintiff claims that the fabricated FOIA motion was an attempt ....to deflect from the Jan. 19, 2025 hearing where Judge Ellison failed to hold an evidentiary ....hearing or lift the discovery stay based on the fabricated May 31, 2018 document ... ....discussed.

14. On **April 24, 2025,** I filed a motion objecting to the fabricated statement in the April 17, 2025 Order.

15. On **April 25, 2025,** Judge Ellison issued an Order that failed to address the objection, failed to retract the false statements, and ignored the evidence contradicting the April 17, 2025 Order.

16. I afforded Judge Ellison the opportunity to correct the record via my objection, but he chose not to, demonstrating a willful disregard for judicial integrity.

17. It is my belief that if conclusory pleadings from a pro se litigant are dismissed for want of factual support, so too must fabricated factual assertions by a federal judge be held accountable under the same principles.

18. I further assert that Judge Ellison's fabrication of evidence mirrors the same racially motivated pattern of fabricated records and retaliatory practices I endured from the Houston Police Department over a thirty-year period. Therefore, the overt act of fabricating a court order by attributing plaintiff filed a FOIA motion when the evidence contradicts Judge Ellison's order is prima facie grounds for a **42 USC 1985 (2)(3)** conspiracy between the City of Houston and the Judge.

19. Judge Ellison's conduct betrays impartiality, reveals advocacy on behalf of the Defendants, and demonstrates an alarming absence of judicial accountability.

20. This betrayal of judicial integrity is not consistent with the vision articulated by Chief Justice **William Rehnquist,** who emphasized that judicial independence should serve the cause of law and justice, not political expediency or personal bias.

21. I submit that I have consistently sought truth and accountability for more than thirty years, while the Houston Police Department and now Judge Ellison have exhibited a

pattern of evading accountability.

22. Judge Ellison tampered with a government record by inserting knowingly false statements into an official judicial order, thus deceiving the public and the **Fifth Circuit Court of Appeals.**

23. Such conduct constitutes violations of:

a. **18 U.S.C. § 1001** (False Statements);
b. **Fraud on the Court**; and
c. **Texas Penal Code § 37.09** (Tampering with a Governmental Record).
.d.**Defamation of Character**
.e.**Denial of Access to the Court** (First Amendment Right)


24. Judicial immunity, while robust in protecting judges from civil liability for judicial acts, **does not** extend to criminal acts, even when committed in the course of judicial proceedings. Judge Ellison fabricated a court order based on ex parte communication with the Houston Police Department IAD investigators without plaintiff having access to these back room secret conversations as part of a conspiracy to intentionally coordinate and shield litigants misconduct, especially, Experian and the City of Houston. The Judge was not acting as a neutral arbiter but as an advocate condoning the City of Houston fabrication of evidence and Experian's federal credit violations, as described in the January 19, 2025 hearing and as amended in the Feb. 18, 2025 amended complaint. **The Judge was acting in a non-judicial capacity when he falsified an order claiming plaintiff filed a fabricated FOIA motion** claiming that plaintiff compelled all defendants to provide wiretap and pen register authorization. No defendants received a copy of the motion because there was no copy of the FOIA motion in the court record. Judge Ellison met with litigants and engaged in ex parte communication to come up with this scheme to dismiss plaintiff's lawsuit. **Judge Ellison's conspired with litigants to design this scheme in violation of ex parte communication, to damage my credibility, dismiss the lawsuit, obstruct my access to an impartial judicial process, and to defame me by claiming that I am under criminal suspicion for thirty years.** When Judge Ellison fabricated the pleading in the order, he committed fraud and he took on a prosecutorial role rather than that of an neutral adjudicator.

25. By knowingly falsifying a material fact within a matter under judicial jurisdiction, Judge Ellison violated 18 U.S.C. § 1001 and forfeited any claim to immunity for such conduct.

26. Judge Ellison also improperly denied limited discovery, conspired with Defendants to impose a discovery stay, failed to exercise inherent authority to address fraudulent evidence, and actively threatened sanctions against me for seeking to amend my

complaint—all while favoring Defendants.

27. I reiterate that no FOIA motion was ever filed by me, and that Judge Ellison, on April 17, 2025, knowingly fabricated a judicial record to support a false narrative adverse to my rights. Judge Ellison fabricated the order to prejudice my case.

28. I respectfully request that this Honorable Court and the **United States Court of Appeals for the Fifth Circuit take judicial notice** of this affidavit, as evidence of a pattern of systemic fraud, due process procedural violations, the misapplication of the law, the deprivation of constitutional rights, and the weaponizing of this Court in partnership with the Houston Police Department IAD to use its cloak of absolute immunity to betray the judicial oath and the public's trust by committing verifiable fraud, i.e. fabricating a FOIA Motion; thereby, hijacking the constitutional processes of justice firmly embedded in binding case precedent. These acts constitute not merely an attack on my individual rights and liberties, but represent an assault on the structural foundations of our democracy itself, which depends on the impartiality, integrity, and fidelity of the judiciary. Judiciary accountability cannot, consistent with constitutional norms, be measured solely by the insular judgments of colleagues or your peers. It must be assessed by an independent public, whose liberties the judiciary is sworn to protect. In the present case, this court deviated from those sacred constitutional norms; therefore, judiciary and public scrutiny is not a luxury, it's a necessity when a federal judge forges court records. Judge Ellison lied **on** the plaintiff when he claimed the plaintiff filed a FOIA motion, a motion that did not exist; therefore, he had nothing to adjudicate. The Judges actions were non-judicial because the **Judge knowing lied on the plaintiff** and then placed falsified facts in the court order. The Judge's action constituted personal misconduct against plaintiff, not an adjudication of a legitimate court issue presented by any one litigant under the U. S. v. Sineneng-Smith, 590 U.S. 140 S. Ct. 1575 (2020). Therefore, Judge Ellison is not protected by absolute judicial immunity.

29. I submit that if a federal judge can fabricate evidence without consequence, the dignity ...........and legitimacy of the judiciary itself are compromised.

Executed on this 27 day of April, 2025.

Respectfully submitted,

/s/ Dr. John E. Hall aka Dr. John "Jay" Hall

**17818 Running Brook Ln**

**Spring, Tx. 77379**

5

**Email: Jayearl2007@yahoo.com**
Plaintiff, Pro Se

**TEXAS ORDINARY CERTIFICATE OF ACKNOWLEDGMENT**
Civil Practice & Remedies Code § 121.007

The State of Texas

County of _Harris_

Before me,

_Dora Nava, Notary Public_
*Name and Character of Notarizing Officer,*
*e.g., "John Smith, Notary Public"*
on this day personally appeared

_John E. Hall_
*Name of Signer*

☐ known to me
☐ proved to me on the oath of

_____
*Name of Credible Witness*

☑ proved to me through _____
_Driver License_
*Description of Identity Card or Document*

to be the person whose name is subscribed to
the foregoing instrument and acknowledged
to me that he/she executed the same for the
purposes and consideration therein expressed.

Given under my hand and seal of office this

_27_ day of _April_ , _2025_
*Day*          *Month*        *Year*

_____
*Signature of Notarizing Officer*

DORA NAVA
MY COMMISSION EXPIRES
08/03/2025
NOTARY ID: 133247949

*Place Notary Seal and/or Stamp Above*

───────── OPTIONAL ─────────
*Completing this information can deter alteration of the document or*
*fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Affidavit of John Hall on the Court_
Document Date: _04/27/2025_ _____ Number of Pages: _6_
Signer(s) Other Than Named Above: _No Other Signers_

©2020 National Notary Association

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Judicial Notice has been served on counsel for Appellees and the Clerk of the Court  clerk_so@ca5.uscourts.gov on April 28, 2025.

Plaintiff served this response to Defendants  via their emails on April 28,  2025:

| | |
|---|---|
| 5th Circuit | Pro_se@Ca5.uscourts.gov |
| Ghazal A. Vahora | ghaza@srapllc.com |
| Marrick Armstong | marrick@srapllc.com |
| Marjorie L. Cohen | Majorie.Cohen@Houstontx.gov |
| Joaquina Spikes Winslow | Pueclients@gmail.com |
| | Pureurbanexcellence@gmail.com |
| | |
| Whitney L. White | wwhite@sessions.legal Jefferson Capital |
| Steven R. Zahn | steve.zahn@troutman.com  Experian |
| Carlos Suazo | suazo94@yahoo.com |
| Newman Springs Publishing | support@newmansprings.com |
| | hannah@newmansprings.com |
| Easy Pay Leasing | nicole.blackwood@easypayfinance.com |
| | Compliance@easypayfinance.com |
| | easypayleasing@acct-admin.com |
| Judge L. Korduba | rachel.fraser@harriscounty.gov |
| Department of Education | lisa.luz.parker@usdoj.gov |
| City of Houston | michelle.taylor2@houstontx.gov |
| | xmartin@mgl.law |
| | Frank.Ford@harriscountytx.gov |
| Credit Acceptance | Mcayce@mcglinchey.com |
| Elissa Mohammed | Jbrucelaw@gmail.com |
| | |
| Department of Education | ocr@ed.gov Attorney Lisa Brown |
| TransUnion | |

_____On April 28,  2025._____

Respectfully,
/s/ John E. Hall
Dr. John "Jay" Hall aka Dr. John E. Hall
17818 Running Brook Ln
Spring, Tx. 77379
Email: Jayearl2007@yahoo.com

7

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHN F. HALL

## DEFENDANTS

Judge Keith P. Ellison
~~U.S. Attorney Nicholas T. Gujei~~

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [x] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [x] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- [x] 446 Amer. w/Disabilities - Other
- [x] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
CONSTITUTIONAL TORT By Federal Judge — 42 USC 1983 + 42 USC 1985(3)

Brief description of cause:
NON-Judicial Act - FABRICATION OF EVIDENCE + PLEADING(s)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____